IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | )
|---|---|
| VERNA JEAN WALK, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) 2:17-CV-814 |
| | ) |
| NANCY BERRYHILL, | ) |
| Defendant. | ) |

MEMORANDUM and ORDER

Presently before the Court for disposition are cross motions for summary judgment. For the reasons set forth below, the defendant's motion (ECF No.14) will be granted; the plaintiff's motion (ECF No.10) will be denied, and the decision of the Commissioner will be affirmed.

On June 19, 2017, Verna Jean Walk, by her counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing her claim for a period of disability or for disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423.

On May 5, 2014 the plaintiff filed an application for disability benefits alleging that she had been disabled since March 3, 2014 (R.191-197) and benefits were denied on December 16, 2014 (R.110-114). On January 21, 2015, the plaintiff requested a hearing (R.115) and pursuant to that request a hearing was held on November 23, 2015 (R.44-90). In a decision dated February 9, 2016, benefits were denied (R.17-43) and on April 4, 2016, reconsideration was requested (R.170). Upon reconsideration and in a decision dated May 19, 2017, the Appeals Council affirmed the prior determination (R.1-6). On June 19, 2017, the instant complaint was filed.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain her burden of demonstrating that she was disabled within the meaning of the Social Security Act.

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Johnson v. Comm. 529 F.3d 198 (3d Cir.2008) and the court may not set aside a decision supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999).

At the hearing held on November 23, 2015 (R.44-90), the plaintiff appeared with counsel (R.46) and testified that she worked as a nurse's aide and in a convenience store (R.51-60).

The plaintiff also testified that she does not like to leave her home (R.51); that she experiences low back pain (R.61,75); that she had titanium rods inserted (R.61); that she experience migraines for which she receives injections (R.61,64); that she takes medication for pain and for her mental condition (R.63,65); that she can sit or walk for fifteen to twenty minutes, can walk less than a mile, can lift a gallon of milk and sometimes drops items (R.68,69,70,74); that she is forgetful (R.70,78); that she experiences anxiety (R.71) and that she performs minimal household chores (R.71-74).

At the hearing a vocational expert was called upon to testify (R.79-88). He described the plaintiff's prior work as light to heavy exertional semi-skilled to unskilled work (R.80-81). When

2

asked to assume an individual with the plaintiff's work history, age, education and functional restrictions who was limited to sedentary work he testified that such an individual could not perform the plaintiff's past work (R.82-83). However, he also testified that there was a large range of sedentary unskilled work such an individual could perform, even with a sit/stand option (R.85-86). He also observed that only limited time off would be tolerated (R.86) and the individual would have to be able to sit or stand for four hours (R.88).

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff was not disabled within the meaning of the Act.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. Section 423(d)(3). These provisions

are also applied for purposes of establishing a period of disability. 42 U.S.C. Section 416(i)(2)(A).

While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts. NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970). Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff was not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed.

The plaintiff was treated at the Jersey Shore Hospital emergency room on August 27, 2013 for a lumbar and left hip strain after slipping at work (R.511-517).

The plaintiff received physical therapy at Susque-View Home, Inc. between September 3, 2013 and October 2, 2013 for spinal, hip and thigh sprains (R.306-319).

The plaintiff was treated at Lock Haven Hospital for back pain between April 27, 2014 and May 23, 2014 (R.346-356).

In a July 16, 2014 psychiatric report by Andrew Cole, Psy.D. a diagnosis of a bipolar disorder with depressive and psychotic features, anxiety and panic disorder was made. Mild to moderate limitations were noted and therapy was recommended (R.385-393).

In a report of an internal medical examination conducted on November 20, 2014, Dr. Bushra Rizvi diagnosed a history of depression, anxiety, panic attacks, bipolar disorder, arthritis, degenerative disc disease, migraines, asthma and obesity. The prognosis was reported as "fair." It was observed that the plaintiff could frequently lift up to ten pounds, occasionally lift up to

twenty pounds, occasionally carry up to twenty pounds, sit for about four hours, stand for about two hours and walk for about an hour and a half (R.486-501).

In a report from Lycoming Neurological Associates for an examination conducted on December 2, 2014, Dr. Rodwan Rajjoub diagnosed possible left hip strain, degenerative lumbar disc disease, status-post lumbar fusion, history of left sciatica, chronic cervical pain and chronic smoking. The doctor concluded that the plaintiff's conditions do not restrict her ability to work (R.523-533).

On December 8, 2014, Dr. Michael H. Haak observed that the plaintiff would be off-work for at least a year due to degenerative disc disease, thoracic or lumbosacral neuritis or radiculitis, lumbago and back pain (R.504-509).

In a record review completed on December 16, 2014, a diagnosis of discogenic degenerative disease and an affective disorder was made (R.95-108).

The plaintiff was treated at the Mount Nittany Medical Center on March 18, 2014 and January 20, 2015 for low back and hip pain. She was treated as an inpatient from June 1, 2014 through June 6, 2014 for neck pain and dizziness and again on January 17, 2015 through January 20, 2015 for abdominal and back pain (R.518-522, 725-894).

The plaintiff was treated at Gray's Wood State college between February 1, 2015 and September 28, 2015 for urinary incontinence problems, dysphagia and abdominal pain (R.622-705).

The plaintiff was treated at the Geisinger Clinic between March 31, 2014 and October 2, 2015 for left hip radicular pain and lower back pain (R.320-345, 357-384, 395-448, 454-485, 534-621, 706-724).

In reviewing a disability claim, in addition to considering the medical and vocational evidence, the Commissioner must consider subjective symptoms. Baerga v. Richardson, 500 F.2d 309 (3d Cir. 1974). As the court stated in Bittel v. Richardson, 441 F.2d 1193, 1195 (3d Cir. 1971):

> Symptoms which are real to the claimant, although unaccompanied by objective medical data, may support a claim for disability benefits, providing, of course, the claimant satisfies the requisite burden of proof.

In Good v. Weinberger, 389 F. Supp. 350, 353 (W.D. Pa. 1975), the Court stated:

> Bittel seeks to help those claimants with cases that so often fall within the spirit--but not the letter--of the Act. That plaintiff did not satisfy the factfinder in this regard, so long as proper criteria were used, is not for us to question.

The applicable regulations require more explicit findings concerning the various vocational facts which the Act requires to be considered in making findings of disability in some cases. The regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims. In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he can do his past relevant work. If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file. The finding of residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he can exert in engaging in work activity), and if his impairment enables him to do sustained work

6

of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

Based on the evidence presented, the Commissioner concluded:

> The claimant meets the insured status requirements of the Social Security Act through March 31, 2019.
>
> The claimant has not engaged in substantial gainful activity since March 3, 2014, the alleged onset date.
>
> The claimant has the following severe impairments: arthritis, degenerative disc disease of the lower back and neck, bipolar disorder, generalized anxiety disorder, panic attacks, migraines, asthma, obesity, lumbago, lumbar radiculopathy, urinary incontinence, cervicalgia, myalgia and myositis, gastric and pylori infection, reflux esophagitis, abdominal panniculitis, gastroenteritis, and obesity status-post bariatric surgery…
>
> [T]he medical evidence does not contain the objective signs, symptoms or findings, or the degree of functional limitations, necessary for the claimant's physical impairments, considered singly or in combination, to meet or equal the severity of any … section contained in Appendix 1…
>
> The severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of [the] listings…
>
> In activities of daily living, the claimant has mild restrictions … The claimant informed Dr. Cole … that she cooked and prepared food, shopped, drove, managed money, and enjoyed reading and crocheting… The remaining documentary medical evidence does not contain any references to problems with activities of daily living due to a mental impairment…

In social functioning, the claimant has moderate difficulties… The remaining documentary medical evidence reveals that the claimant has repeatedly been pleasant and cooperative … the documentary medical evidence does not contain any references to problems with irritability or difficulty interacting or communicating…

With regard to concentration, persistence or pace, the claimant has moderate difficulties…

Furthermore, a mental status examination performed in December 2014 revealed the claimant was oriented in three spheres with normal attention and concentration and no cognitive deficits…

As for episodes of decompensation, the claimant has experienced no episodes of decompensation, which have been of extended duration…

Because the claimant's mental impairments do not cause at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation, each of extended duration, the "paragraph B" criteria [of the Listings] are not satisfied… [The evidence also] fails to establish the presence of the "paragraph C' criteria…

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work … can perform routine, repetitive tasks at a consistent pace but not a production rate pace where each task must be completed within a strict time deadline, can sustain an ordinary routine without special supervision, requires a stable work environment with no changes in work location and only occasional changes in work station, can tolerate occasional interaction with coworkers and supervisors and no interaction with the public…and would need to stand for five minutes after 20 minutes of sitting and could be on task while standing…

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the objective medical and other evidence  … Accordingly, [the plaintiff's] statements have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence…

The claimant's activities of daily living are also inconsistent with an individual who has been experiencing the level of symptoms and limitation alleged…

The undersigned has also considered the opinions from Dr. Rizvi, the consultative examining physician, who concluded in November 2014 that the claimant could lift 20 pounds occasionally and 10 pounds frequently, sit four hours, stand two hours and walk a half hour during an eight-hour workday… The undersigned does not accept Dr. Rizvi's conclusion that the claimant could sit only four hours during an eight-hour workday. First, he did not provide any reasons why the claimant has such limitations with sitting, standing or walking other than "resting" and the remaining documentary medical evidence does not contain any references to problems sitting. Second, the sitting limitation is not supported by the medical signs or laboratory findings…

The undersigned has also considered the December 2014 opinion from Dr. Haak that the claimant would be unable to work for 12 calendar months from her surgery … Dr. Haak failed to provide any clinical or objective finding to support his opinion…

The undersigned also notes that Dr. Rajjoub, a neurosurgeon who performed an independent medical examination … in December 2014, concluded that the claimant did not have any disability from a hip impairment and that the claimant's alleged work injury from September 2013 did not warrant any ongoing work restrictions. This independent examination was obviously for a worker's compensation issue and Dr. Rajjoub did not make any determination whether the claimant was disabled from injuries or conditions not related to the alleged work accident. Accordingly, the undersigned accords these opinions little weight…

The claimant is unable to perform any past relevant work…

Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform… [T]he undersigned concludes that … the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy…

The claimant has not been under a disability, as defined in the Social Security Act from March 3, 2014, through the date of this decision.

(R.22-39).

The record demonstrates that while the plaintiff has alleged many ailments to support her disability claim, there is little if any evidence substantiating her claim of the severity of these ailments. Rather the record appears to support the conclusion of the Commissioner that these ailments individually or in combination do not support a finding of disability. The Commissioner is charged with determining issues of credibility, <u>Diaz v. Commissioner</u>, 577 F.3d 500, 506 (3d Cir. 2009). Since the Administrative Law Judge clearly identified the bases for reaching his credibility determinations, they are supported by substantial evidence.

Summary judgment is appropriate where there are no material issues of fact in dispute and the movant is entitled to judgment as a matter of law. <u>McMunn v. Babcock</u>, 869 F.3d 246 (3d Cir. 2017). In the instant case, there are no material factual issues in dispute, the decision of the Commissioner is supported by substantial evidence, and judgment should be entered for the defendant and against the plaintiff. For this reason, the defendant's motion for summary judgment will be granted; the plaintiff's motion for summary judgment will be denied and the decision of the Commissioner will be affirmed.

An appropriate Order will be entered.

Filed: January 9, 2018                    s/ Robert C. Mitchell
                                          United States Magistrate Judge

ORDER

AND NOW, this 9th day of January, 2018, for the reasons set forth in the foregoing Memorandum, the plaintiff's motion for summary judgment (ECF No.10) is denied; the defendant's motion for summary judgment (ECF No. 14) is granted and the decision of the Commissioner is affirmed.

s/ Robert C. Mitchell
United States Magistrate Judge